[Cite as *In re P.S.V.*, 2013-Ohio-2307.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  | : | JUDGES: |
| --- | --- | --- |
|  | : |  |
|  | : | Hon. Sheila G. Farmer, P.J. |
| IN THE MATTER OF: | : | Hon. John W. Wise, J. |
|  | : | Hon. Patricia A. Delaney, J. |
| P.S.V. | : |  |
|  | : |  |
| DEPENDENT CHILD | : | Case No. 13CA6 |
|  | : |  |
|  | : |  |
|  | : | O P I N I O N |

CHARACTER OF PROCEEDING:            Appeal from the Richland County Court
of Common Pleas, Juvenile Division
Case No. 2011-DEP-00120

JUDGMENT:                                          AFFIRMED

DATE OF JUDGMENT ENTRY:            May 31, 2013

APPEARANCES:

For Plaintiff-Appellee:                          For Mother-Appellant:

CHRISTOPHER ZUERCHER                DAWN FESMIER PIGG
RICHLAND COUNTY CSB                    28 Park Ave. West, Suite 501
731 Scholl Road                                   Mansfield, OH 44902
Mansfield, OH 44907

*Delaney, J.*

{¶1} Mother-Appellant Leona Vasquez Lacey appeals the January 18, 2013 judgment entry of the Richland County Court of Common Pleas, Juvenile Division. Plaintiff-Appellee is the Richland County Children Services Board ("RCCSB").

## FACTS AND PROCEDURAL HISTORY

{¶2} Leona Vasquez Lacey is the mother of P.S.V., born June 27, 2011. Father is Matthew Young. P.S.V. was placed in the Emergency Shelter Care of RCCSB on July 5, 2011. RCCSB intervened with P.S.V. because Mother had her parental rights involuntarily terminated with respect to two older siblings of P.S.V. due to Mother's substance abuse/addiction. Mother has a history of substance abuse involving IV heroin use and opiates. P.S.V. tested negative for drugs at birth. P.S.V. was found to be a dependent child and on July 9, 2011, the trial court granted RCCSB temporary custody of P.S.V.

{¶3} P.S.V. was placed with foster parents. The foster family also has custody of P.S.V.'s sibling.

{¶4} Mother entered into a case plan on September 14, 2011. The case plan required Mother to complete a mental health assessment and follow recommendations, complete a drug assessment and follow recommendations, complete parenting education, and stabilize income and housing. Supervised visitation was established for Mother and P.S.V.

{¶5} RCCSB filed a Motion for Permanent Custody on October 3, 2012. The trial court held a hearing on January 11 and 13, 2013. Mother appeared for trial and was represented by counsel. Father did not appear but was represented by counsel.

The parties stipulated P.S.V. had been in the temporary custody of RCCSB for twelve or more months out of a consecutive twenty-two month period. The following evidence was adduced at trial.

{¶6} At the time of trial, Mother was 26 years old and eight months pregnant. Mother's husband was currently in prison and was the father of the unborn child. Mother tested negative for drugs at trial.

{¶7} Mother submitted to a mental health assessment with Tom Day at Family Life Counseling. He diagnosed Mother with bipolar 2 disorder. He stated Mother was in sustained remission with regard to opiates dependency. Mother wanted to enter in-patient drug treatment with New Beginnings. Day also coached Mother on her parenting skills. Mother lost her eligibility for her medical card and for a period of time could not receive counseling. She obtained her medical card when she became pregnant with her fourth child and resumed counseling.

{¶8} In November 2011, Mother attempted suicide and was hospitalized.

{¶9} Mother resides with her mother and two sisters in her mother's home. At the time of the hearing, Mother's stepfather did not reside with them because he was in prison. Mother's sisters both had infant children and were under RCCSB supervision. Mother helps care for her niece and nephew. Mother attempted to reside independently, but returned to her mother's home.

{¶10} Mother does not have a driver's license. She has no steady income, other than babysitting for a relative once a week. At the time of the hearing, she had applied for government assistance.

{¶11} Mother was scheduled for 27 supervised visits with P.S.V. She attended 13 of those visits. Mother did not visit with P.S.V. from May 2012 to October 2012. The break in visitation was due to transportation issues and Mother's struggles with her mental health. When Mother did visit with P.S.V., Mother's visits went well.

{¶12} The Guardian ad Litem testified at trial. She recommended Mother's parental rights be terminated and permanent custody be granted to RCCSB. P.S.V. is bonded with her foster family and would be in her best interests to keep her with her foster family. The foster family wishes to adopt P.S.V.

{¶13} On January 18, 2013, the trial court issued its judgment entry. It terminated Mother's and Father's parental rights and granted permanent custody of P.S.V. to RCCSB.

{¶14} It is from this decision Mother now appeals. Father has not appealed the decision.

## ASSIGNMENTS OF ERROR

{¶15} Mother raises three Assignments of Error:

{¶16} "I. THE COURT'S DECISION TO GRANT PERMANENT CUSTODY OF THE CHILD TO RICHLAND COUNTY CHILDREN SERVICES WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT IN THE CHILD'S BEST INTEREST.

{¶17} "II. THE COURT ERRED IN FINDING THAT THE MOTHER HAD CONTINUOUSLY AND REPEATEDLY FAILED TO SUBSTANTIALLY REMEDY THE CONDITIONS WHICH CAUSED HER CHILD TO BE PLACED OUTSIDE HER HOME,

PURSUANT TO R.C. 2151.414(E), IN VIEW OF THE EVIDENCE THAT MOTHER DID SUBSTANTIALLY COMPLY WITH ALL REQUIREMENTS OF THE CASE PLAN.

{¶18} "III. THE COURT ERRED IN FINDING THAT IT IS IN THE BEST INTEREST OF THE MINOR CHILD TO BE PLACED IN THE PERMANENT CUSTODY OF CHILDREN SERVICES, PURSUANT TO R.C. 2151.414(D)."

**ANALYSIS**

*I., II., and III.*

{¶19} We consider Mother's Assignments of Error together because they are interrelated. Mother argues the trial court erred in granting permanent custody of P.S.V. to RCCSB and the decision was not in the child's best interest. We disagree.

{¶20} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent, and credible evidence upon which the finder of fact could base its judgment. *Cross Truck Equipment Co. v. The Joseph A. Jeffries Co.,* 5th Dist. No. CA5758, 1982 WL 2911 (Feb. 10, 1982). Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr.,* 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

{¶21} Issues relating to the credibility of witnesses and the weight to be given to the evidence are primarily for the trier of fact. *Seasons Coal v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). Deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evident in the

parties' demeanor and attitude that does not translate to the record well." *Davis v. Flickinger,* 77 Ohio St .3d 415, 419, 674 N.E.2d 1159 (1997).

{¶22} R.C. 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. 2151.414(A)(1) mandates the trial court schedule a hearing and provide notice upon the filing of a motion for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long-term foster care.

{¶23} Following the hearing, R.C. 2151.414(B) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (b) the child is abandoned; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.

{¶24} In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of

the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.

{¶25} Therefore, R.C. 2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, a trial court will usually determine whether one of the four circumstances delineated in R.C 2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.

{¶26} In this case, the trial court found by clear and convincing evidence the child had been in the temporary custody of a public children services agency for twelve or more months of a consecutive twenty-two-month period pursuant to R.C. 2151.414(B)(1)(d). Mother does not challenge the trial court's finding. This finding alone, in conjunction with a best-interest finding, is sufficient to support the grant of permanent custody. *In re Calhoun,* 5th Dist. No.2008CA00118, 2008–Ohio–5458, ¶ 45.

{¶27} The trial court found P.S.V. could not be placed with Mother or Father within a reasonable time or should not be placed with either parent. If the child is not abandoned or orphaned, the focus turns to whether the child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Under R.C. 2151.414(E), the trial court must consider all relevant evidence before making this determination. The trial court is required to enter such a finding if it determines, by clear and convincing evidence, that one or more of the factors

enumerated in R .C. 2151.414(E)(1) through (16) exist with respect to each of the child's parents.

{¶28} The trial court found that notwithstanding the reasonable case planning and diligent efforts of RCCSB to assist Mother to remedy the problems that initially caused the child to be placed outside the home, Mother failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside of the home.  R.C. 2151.414(E)(1).  Mother argues the evidence shows she was substantially compliant in some areas and making significant progress in other areas.   The evidence shows Mother substantially complied with the case plan requirements, but the statute provides that she substantially remedy the conditions that caused her child to be placed outside of the home.  Mother attended mental health counseling for a period of time, but stopped after she lost her medical card.  In November 2011, Mother made a suicide attempt, which required hospitalization. Mother has regained her medical card due to her current pregnancy.  Mother is in sustained remission as to her opiates dependency, but she and her counselor feel it would be beneficial for her to be placed in an in-patient drug treatment program.  At the time of the hearing, Mother was dependent upon her mother for housing and transportation, and Mother had no independent source of income

{¶29} The trial court further found Mother demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child, or by other actions showing an unwillingness to provide an adequate permanent home for the child.  R.C. 2151.414(E)(4).  When Mother visited with P.S.V., her visits went appropriately.  However, Mother attended 13 of 27 scheduled visits, which amounted

to approximately 10 months of missed visitation. The missed visits were due in part to transportation issues. Mother missed other visits due to her suicide attempt and her mental health struggles.

{¶30} Under R.C. 2151.414(E)(11), the trial court found that Mother had her parental rights involuntarily terminated with respect to a sibling of the child and Mother failed to present clear and convincing evidence that, notwithstanding the prior termination, Mother can provide a legally secure placement and adequate care for the health, welfare, and safety of the child. There is no dispute RCCSB was granted permanent custody of Mother's two children prior to P.S.V. The trial court's decision under R.C. 2151.414(E)(11) is supported by the evidence presented under R.C. 2151.414(E)(1).

{¶31} We next turn to the issue of best interest. We have frequently noted, "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." *In re Mauzy Children,* 5th Dist. No.2000CA00244, 2000 WL 1700073 (Nov. 13, 2000), citing *In re Awkal,* 85 Ohio App.3d 309, 316, 642 N.E.2d 424 (8th Dist.1994). The trial court determined it was in the best interest of the child to be placed in the permanent custody of RCCSB pursuant to R.C. 2151.414(D), and we agree.

{¶32} The child was 17 months old at the time of the hearing. The GAL recommended it was in the child's best interest that Mother's parental rights be terminated and permanent custody awarded to RCCSB. P.S.V. was bonded with her

foster family, whom also has custody of her sibling. The foster family has cared for P.S.V. since birth and wishes to adopt her. Mother had appropriate visits with P.S.V., but P.S.V. did not appear to regard her as a mother figure compared to P.S.V.'s behavior with her foster mother.

{¶33} Based on the foregoing, we find that the trial court did not err in finding that P.S.V. could not or should not be placed with Mother within a reasonable period of time and that the grant of permanent custody to the agency was in the child's best interest.

{¶34} Mother's Assignments of Error are overruled.

## CONCLUSION

{¶35} The Assignments of Error of Mother-Appellant Leona Vasquez Lacey are overruled. The judgment of the Richland County Court of Common Pleas, Juvenile Division is affirmed.

By: Delaney, J.
Farmer, P.J. and
Wise, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE

PAD:kgb

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:

P.S.V.

DEPENDENT CHILD

:
:
:
:
:
:
:
:
:
:
:
:
:
:

JUDGMENT ENTRY


Case No.    13CA6


    For the reasons stated in our accompanying Opinion on file, the judgment of the Richland County Court of Common Pleas, Juvenile Division is affirmed.    Costs assessed to Appellant.


_____
HON. PATRICIA A. DELANEY


_____
HON. SHEILA G. FARMER


_____
HON. JOHN W. WISE